**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION**

-------------------------------------------------------X
In re AMIR ORLY,                          Ch 7 Case No 15-11650(jlg)

              Debtor.

-------------------------------------------------------X
ALFREDO MORENO COCOLETZI,
Et al,
            Plaintiffs,
  -against-                                AP Case No 16-01020(jlg)

                                         MOTION TO WITHDRAW AS
                                         AS COUNSEL

AMIR ORLY

            Defendants.
-------------------------------------------------------X

## LINDA M. TIRELLI, ESQ. MOTION SEEKING LEAVE TO WITHDRAW AS ATTORNEY OF RECORD

NOW COMES, Linda M. Tirelli, Esq., of Tirelli & Wallshein, LLP ( formerly of The law firm of Garvey Tirelli & Cushner, Ltd., prior attorneys of record for the debtor Amir Orly) and respectfully requests leave to withdraw her representation in her individual capacity as attorney named in both the above referenced base chapter 7 case and the adversary proceeding, and hereby affirms the request to withdraw is for reasons stated as follows:

1. That on or about January 13, 2017 law firm of Garvey Tirelli & Cushner, Ltd. (the "Firm") by way of corporate resolution passed by a majority of shareholders and its board of directors resolved to dissolve the law firm at the end of its lease, effective March 1, 2017;

2. As of January 13, 2017, I was terminated from the Firm and no longer employed as an attorney at the Firm and I was no longer an officer of the Firm;

3. After my termination from the Firm, I did send an email communication to Mr. Orly on or about January 17, 2017 advising the client of my departure from the firm.

4. I have no access to any of the emails generated during the case from my prior firm and my email is not being forwarded to me. I also do not have any access to the case electronic file, the physical file or any billing data. I do not feel that at this time I can represent Mr. Orly in any capacity;

5. The court should know that prior to my departure from the firm, irreconcilable differences had arisen between the defendant Amir Orly and his attorneys of record (ie. The Firm) regarding the direction of the case. The differences were such that the client was at odds with his attorneys recommendations and the attorney/client relationship had broken down irretrievably.

6. Also, prior to my departure from the Firm, there was also a billing issue between the Firm and the Defendant/Client Mr. Orly which, as I understand it, remains unresolved as of the date of this motion;

7. Based upon information and belief, my former partners, Mr. Cushner and Mr. Garvey have parted ways and now work in separate law firms.

8. Despite the fact that I was terminated from my prior firm, I continued to do my best as the named attorney of record, to maintain contact with Mr. Orly and the Court. I have appeared at all scheduled conferences and have sent updates to Mr. Orly via email. I have also attended conferences in the case pending in the United States District Court, SDNY. Mr. Orly did attend at least 1 conference at the United States

District Court in 2017 via telephone to tell the court he accepts a default. Mr. Orly was clear in regards to the District Court case that he did not wish to continue with legal representation. Attached is a copy of an affidavit from Mr. Orly which appears on the docket of the District Court case.

9. I do not have a retainer agreement between Mr. Orly and my current firm for either the District Court case, the Chapter 7 bankruptcy or the pending Adversary Proceeding. I have not sent a bill to Mr. Orly from my current firm for any of the appearances and correspondences from January 2017 through the present.

10. I do not have a physical address for Mr. Orly and do not expect to receive one any time soon. I cannot confirm Mr. Orly's current phone number at this time despite my request that he confirm the same. My communications with Mr. Orly are through an email address and through his cousin residing in Australia, also via email.

11. I sent an email to Mr. Orly on May 21, 2018 asking him to call my office to schedule a meeting with me to discuss his intentions regarding my representation, need for a retainer agreement and course of action in the adversary proceeding. To date, no appointment is scheduled.

12. I have not met with Mr. Orly in person since 2016.

13. I advised Mr. Orly in an email on May 22, 2018 that I intended to file the instant motion to be relieved as counsel this week and did not receive any response from Mr. Amir Orly.

14. At this time there are irreconcilable differences and a fair amount of tension between myself and Mr. Orly and I feel strongly that the relationship between myself and Mr. Orly has broken down irretrievably such that I cannot represent him.

15. Due to the reasons set forth above I respectfully wish to withdraw as counsel to Mr. Orly in both the base chapter 7 case and the adversary proceeding.

Respectfully submitted this the 25 day of May, 2018.

__/s/ Linda M Tirelli_____
Linda M. Tirelli, Esq.
Tirelli & Wallshein, LLP
50 Main Street, Suite 405
White Plains, NY 10606
(914)732-3222
LTirelli@TW-LawGroup.com

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT
OF NEW YORK MANHATTAN DIVISION

----------------------------------------X
ALFREDO MORENO COCOLETZI,
EDGAR MONTEROSO,
GILBERTO DARIO RAMIREZ RAMOS,      15-cv-02696-CM
CRISTIAN FREDY VILLAR MEDINA and
GERMAN TORRES,
                    Plaintiffs,

          -against-

FAT SAL'S PIZZA II, CORP.
(d/b/a FAT SAL'S PIZZA),
FAT SAL'S PIZZA III, CORP.           AFFIDAVIT
(d/b/a FAT SAL'S PIZZA),
FAT SAL'S PIZZA IV CORP.
(d/b/a FAT SAL'S PIZZA),
SHELBY PIZZA CORP.
(d/b/a FAT SAL'S PIZZA),
TWELVE THIRTEEN AVE A CORP.
(d/b/a FAT SAL'S PIZZA),
AMIR ORLY and ELDAD SHAAR,

                    Defendants.
----------------------------------------X

AFFIDAVIT OF AMIR ORLY

I am Amir Orly one of the above named Defendants to this action. I am over the age of 18 years and believe in the obligation of an oath. I do hereby affirm and say:

1. I am currently not employed and cannot afford an attorney;

2. I understand that the Garvey Tirelli & Cushner law firm and attorney Linda Tirelli, formerly of that firm, are the attorneys of record on my behalf in the above referenced case.

3. I have been advised and understand that the Garvey Tirelli & Cushner law firm ("The GTC Firm") is dissolving effective March 1, 2017 and that Linda Tirelli no longer works at the GTC Firm effective January 13, 2017;

4. I understand that Attorney Linda Tirelli is currently working at a different law firm and have been advised it is "Tirelli & Wallshein". I do not wish to retain her new firm and I do not want the firm of Tirelli & Wallshein to represent me in this action.

5. Prior to learning about the dissolution of the GTC Firm I did have differences with my lawyers and the direction of the above case as disclosed to me.

6. Prior to learning about the dissolution of the GTC Firm, I was made aware of a bill that according to the GTC Firm was due to the GTC Firm for services rendered. My family overseas, which had been paying my bills, is no longer in the position to pay the legal fees of the GTC Firm and I am not able to pay anything towards legal fees.

7. I understand that both the Garvey Tirelli & Cushner law firm and Attorney Linda Tirelli wish to withdraw from representing me in this case. I agree that both the GTC Firm and Attorney Linda Tirelli should be permitted to withdraw from representing me any further in this case.

8. I requested that Attorney Linda Tirelli advise the court that I wish to stop all participation in this case and accept entry of a default judgment as I have no financial means in which to defend myself.

9. I have been advised and understand that entry of a default judgment may result in a potentially substantial monetary judgment be entered against me which the plaintiffs can proceed to try to collect against me. I have been advised and understand that such judgment will be a public record and may reflect negatively on my credit report. I have been advised and understand that such judgement can also result in collection procedures including garnishment of wages and seizure of assets of my belonging. I feel that any judgment would be very difficult to collect because I have liquidated in a chapter 7 case and I am not able to earn much money and am living at poverty level.

10. At this time I simply cannot afford to miss work if or when it may be offered to me and do not know when I will be able to commit to participate in a deposition as I spend most of my waking hours looking for any job I can find.

11. I understand that if the Court directs me to participate at deposition and I do not participate in depositions, I can be sanctioned and may be ordered to pay legal fees to the plaintiffs' attorney. I have no money with which to pay any sanctions.

12. At this time I feel it is in my best interest to end my involvement in this case and accept a default judgment if that is the court's decision as I do not want to place my family in the position I am in and face bankruptcy themselves.

13. Attorney Tirelli reviewed the above with me, counseled me on the pros and cons of accepting a default judgment and not participating in deposition.

14. Attorney Tirelli assisted with preparing this affidavit and will not charge me for the time spent doing so.

03-04-207 \
Date

AMIR·O \
Amir Orly

sworn to and subscribe before me 4th day of March 2017

*[Notary signature]* \
Notary Public

DONDRE BLACKWOOD \
NOTARY PUBLIC-STATE OF NEW YORK \
Registration No. 01BL6335073 \
Qualified in Kings County \
Commission Exp December 28th, 2019